THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN O. STRATTON, Appellant.

Third Department, July 7, 1955.

*Harry S. Travis* and *Michael J. Rano* for appellant.

*Robert E. Fischer, District Attorney,* for respondent.

Coon, J.   After a trial defendant has been convicted of the crime of criminal negligence for causing the death of a young woman by striking her with his automobile.   The indictment specified that he was driving while intoxicated, and had defective brakes on his automobile.   To indicate the vital importance of the principal question before us, it should be mentioned that the record discloses that the real issue litigated was the question of defendant's intoxication.

Sufficient competent evidence was adduced at the trial to present a fair question of fact to a jury as to the defendant's guilt, but we are constrained to conclude that errors of a substantial and prejudicial nature invaded defendant's right to a fair trial.

After defendant's arrest and while he was in jail the police sent a doctor to examine him.   The People called the doctor as a witness at the trial, and at a certain point in his testimony, the following ensued:

" I requested, as is the procedure, permission to take a —

" Mr. Travis: I object to this, your Honor, and call your Honor's attention to the fact that this has no bearing on the issue here. It is immaterial and irrelevant. It is no competent proof.

" Mr. Fischer: This has been anticipated, your Honor. We are offering this particular testimony merely for the purpose of showing that the man had a fair examination.

" The Court: Objection overruled.

" Mr. Travis: May I have an exception, please, and I would also move for a mistrial upon the District Attorney's assertion that this is offered solely to show that he had a fair examination.

" The Court: Motion denied.

" Mr. Travis: I ask that the Court instruct the jury to disregard the remark of counsel.

" The Court: Motion denied.

" Mr. Travis: Exception, please.

" (Continuation by the witness) I requested permission to take a specimen of his blood to determine the alcoholic content and permission was refused.

" Mr. Travis: I object to that, your Honor, and ask that the last pertaining to permission was refused be stricken out and the jury advised to disregard it.

" The Court: That may go out. He may state what the defendant said.

" Mr. Fischer: State what the defendant said, please.

" A. He said he would not allow me to take a blood specimen to determine the alcoholic content.

" The Court: At this time, I desire to instruct the jury and again request that you listen carefully to the instructions of the Court, this evidence is only admitted for the purpose of showing the extent of the examination conducted by the doctor. Also for the purpose of bearing on the credibility of the doctor's testimony, and as to the weight you will give to the doctor's testimony on the examination he conducted. I instruct the jury that this defendant or any person arrested under these circumstances has a constitutional right to refuse to submit to a blood test or permit a sample of blood to be taken. He has that right and the fact that the defendant did refuse to submit to such an examination or test must not be considered, and does not raise any presumption against him. It must not be considered as having any bearing on the question as to whether he was intoxicated or not. It is admitted only for the specified purpose that I have indicated.

"Mr. Travis: May I have an exception, please? And may I renew my objection on the same ground that we feel that this has no bearing on the issue and is no competent proof in this case.

" Q. Now, Doctor, to go over this again, he said that he was not in an accident, that he was not personally injured in any way and that he was not ill and had taken no medication? A. Yes, sir.

" Q. Proceed if you will, Doctor. A. I further asked him if he would allow this if I got his own doctor, and he said that it didn't make any difference.

" Mr. Travis: I move that the answer be stricken out. It has no bearing on the issue and I also move for a mistrial on the voluntary statement of the doctor.

" The Court: Motion denied.

" Mr. Travis: May I have an exception, please? "

That this was damning evidence against the defendant, when practically the sole issue was his intoxication, cannot be denied. The question is whether it was competent for any purpose. We think not.

The Legislature has provided that evidence of the alcoholic content of the blood may be received in evidence. (Vehicle and Traffic Law, § 70, subd. 5.) It has also recognized a person's right to refuse the test. (Vehicle and Traffic Law, § 71-a.) The District Attorney concedes that this defendant had the absolute right to refuse the test.

The courts of this State have long and consistently held that under our self incrimination laws the receipt of evidence in a criminal trial of a defendant's complete silence or refusal to answer is reversible error. (*People* v. *Hyman,* 284 App. Div. 347 [and cases therein cited], affd. 308 N. Y. 794.) This has been on the theory that the fact that a defendant did what he had an absolute right to do cannot be used to create any unfavorable inference against him. Here not only his refusal to submit to the test was received in evidence and emphasized, but there was added the fact that he even refused to have his own doctor give the test. Again here the District Attorney concedes that the evidence would be incompetent as general evidence from which any inference could be drawn, but urges that it is competent for a " limited purpose " and then the inference can be removed from the minds of the jury by instructions from the court. There are two difficulties with that. First, the law does not say the inference may be presented to the jury and then removed — it says it may not be presented. Second, as the Court of Appeals has said at least twice, " the admonition to disregard evidence

which had been stricken out was easy to give and hard to follow." (*People* v. *Marshall,* 306 N. Y. 223, 228.) If the instructions not to draw any inferences were not followed and the jury's verdict was influenced in the slightest degree by this evidence, then the defendant has not had a fair trial.

The suggested limited purpose of showing that the doctor's examination was fair and complete could easily be applied to other situations, such as perhaps showing a defendant's refusal to answer for the "sole" purpose of showing that police investigation of the crime was fair and complete. The logical result is that the self incrimination laws have vanished.

It is suggested that such procedure is necessary because, after the evidence is closed, defense counsel may suggest in summation that a test should have been taken. If there had been in fact a refusal by the defendant to submit to the test such comment would be highly improper and could easily be prevented. In any event, it hardly provides a basis for admitting incompetent evidence.

We consider that the above error alone requires a reversal of the judgment, but we feel we should mention another error. Due no doubt to excessive zeal and the pressure of the occasion, the District Attorney made remarks in his summation to the jury which exceeded the bounds of fair discussion of the evidence. Without quoting them, there were inflammatory appeals to sympathy and passion, a suggestion that the Grand Jury had already passed upon the guilt of the defendant, and comments strongly suggesting that both his personal and official prestige were warranting the truthfulness of the People's witnesses, otherwise he would not have called them. Such things have no place in a proper summation and too frequently occur.

The judgment should be reversed and a new trial ordered.

FOSTER, P. J., BERGAN, HALPERN and ZELLER, JJ., concur.

Judgment reversed and a new trial ordered.