### PEOPLE *v.* CLAIRMONT.

1. CRIMINAL LAW—DRIVING UNDER INFLUENCE OF INTOXICANTS—
BLOOD TEST—REFUSAL—ADMISSIBILITY.

In a prosecution for operating an automobile while under the in-
fluence of intoxicating liquor the refusal of defendant to sub-
mit to a chemical test for intoxication is not admissible in evi-
dence (CLS 1961, § 257.625a, as amended).

2. SAME—DRIVING UNDER INFLUENCE OF INTOXICANTS—MENTION OF
BLOOD TEST—MISTRIAL.

Statement of witness police officer that "we asked him [the de-
fendant], then, if he would take a blood test" when volunteered
in answer to non-leading question by prosecutor *held,* not
grounds for mistrial in prosecution for driving under the in-
fluence of intoxicants where, on objection by defense counsel,
jury was instructed to disregard the statement, mere mention
of blood test not having been shown to have prejudiced the
defendant (CLS 1961, § 257.625a, as amended).

Appeal from Houghton, Condon (Stephen D.), J.
Submitted Division 3 October 1, 1968, at Marquette.
(Docket No. 3,645.)    Decided October 21, 1968.
Leave to appeal denied January 21, 1969.   See 381
Mich 798.

Robert P. Clairmont was convicted of operating
an automobile on December 2, 1966, while under the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  7 Am Jur 2d, Automobiles § 333.
Admissibility in criminal case of evidence that accused refused to
submit to scientific test to determine amount of alcohol in system.
87 ALR2d 370.

influence of intoxicating liquor.   Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Walter T. Dart-
land,* Prosecuting Attorney, for the people.

*Wisti, Jaaskelainen & Schrock,* for defendant.

Per Curiam.   Defendant was convicted by jury
verdict of operating an automobile under the in-
fluence of intoxicating liquor, contrary to section
625 of the vehicle code, CLS 1961, § 257.625 (Stat
Ann 1960 Rev § 9.2325).   At the trial a police officer
testified concerning the interrogation of defendant
upon his apprehension.   During his testimony the
following transpired:

"*Q.* Now, after—was this the extent of the inter-
rogation at that time in the automobile?
"*A.* I believe that we asked him, then, if he would
take a blood test."

Immediately following the question and answer the
defense counsel objected, and the court stated to the
jury:

"That will be stricken from the record and, ladies
and gentlemen, you are instructed to totally disre-
gard that remark."

Defense counsel immediately moved for a mistrial
but the court denied it on the ground that:

"[T]here has not been sufficient error committed
that would prejudice the defendant's position, and
I will strongly instruct the jury at the time the
instructions are given to them at the close of the
proofs."

On appeal it is claimed that the above quoted question and answer constituted prejudicial error, as being contrary to PA 1960, No 148,* which read:

"The refusal on the part of any person to submit to any such test shall not be admissible in any criminal prosecution relating to driving a vehicle while under the influence of intoxicating liquor."

This case is distinguishable from *People* v. *Reeder* (1963), 370 Mich 378, relied upon by the appellant, in that in *Reeder* the prosecutor asked a direct question relating to a blood test, while in the case at bar, he asked a routine, non-leading question, which did not call for a response relating to a blood test. We do not regard an answer volunteered by the police officer that "we asked him, then, if he would take a blood test", as constituting a reversible error. The trial court's ruling and instructions in our view were adequate.

Affirmed.

T. G. KAVANAGH, P. J., and McGREGOR and PHILIP C. ELLIOTT, JJ., concurred.

---

* PA 1960, No 148 (CLS 1961, § 257.625a) has since been amended by PA 1964, No 104 and PA 1967, No 253 (Stat Ann 1968 Cum Supp § 9.2325[1]).