COMMONWEALTH *vs.* CHARLES L. SCOTT.

Berkshire. April 5, 1971. — April 30, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, QUIRICO, & BRAUCHER, JJ.

*Evidence,* Breathalyzer test. *Error,* Whether error harmful. *Homicide. Motor Vehicle,* Operation.

At the trial of an indictment charging manslaughter, where there was evidence that the victim died of injuries sustained when she was struck by an automobile operated by the defendant, the admission of evidence of the defendant's refusal "to consent to . . . [a breathalyzer] test" was in violation of G. L. c. 90, § 24 (1) (e), as amended through St. 1967, c. 773, and was prejudicial error, notwithstanding a later instruction by the judge that the evidence was introduced only as "one of the bases upon which . . . [a police officer] formed an opinion that . . . [the defendant] was drunk. [408–409]

A finding of wanton or reckless conduct sufficient to support conviction of the defendant of involuntary manslaughter was warranted by his testimony at his trial that he had had two bottles of beer at dinner shortly before the automobile he was driving hit the victim as she was standing behind a parked car and then collided with that car, and by testimony of others that the defendant was drunk. [409–410]

INDICTMENT found and returned in the Superior Court on April 10, 1969.

The case was tried before *Roy,* J.

*Paul A. Tamburello (Edward J. Lapointe* with him) for the defendant.

*William R. Flynn,* Assistant District Attorney, for the Commonwealth.

SPIEGEL, J. The defendant appeals under G. L. c. 278, §§ 33A–33G, from his conviction on an indictment charging manslaughter. The case is before us on a transcript of the evidence, a summary of the record, and five assignments of error, two of which were waived in open court. Assignments nos. 3 and 5 relate to the admission of evidence concerning the defendant's refusal to take a breathalyzer test.

Assignment no. 1 is directed to the trial judge's denial of a motion for a directed verdict of not guilty. In view of our ultimate disposition of this case, we treat with assignments nos. 3 and 5 first and subsequently summarize relevant portions of the transcript in connection with assignment no. 1.

1. General Laws c. 90, § 24 (1) (e), as amended through St. 1967, c. 773, provides in pertinent part as follows: "Evidence that the defendant failed or refused to consent to . . . [a breathalyzer] test or analysis shall not be admissible against him in any civil or criminal proceeding." A number of times during the course of the trial, there was evidence that the defendant refused to take a breathalyzer test. On one such occasion, one of the police officers called by the Commonwealth was testifying on direct examination when the following occurred: Q. "What was the question?" A. "I asked him if he was willing to take a Breathalyzer Test." Q. "What did he respond?" DEFENDANT'S COUNSEL: "Objection. May I be heard?" "The law doesn't require a man to take a Breathalyzer Test. For that reason, I am going to object to an answer." THE JUDGE: "I am going to instruct the Jury that, but if the character of the reply was the basis of this man's opinion, I will allow it." DEFENDANT'S COUNSEL: "Exception." Q. "What was the response?" A. "I asked him this question at least six times in the period I was there. The first time he was continually talking, and I was unable to get a response. The second, third, probably the fourth time he was still talking, fidgety, unable to sit still. Finally, I took him from the chair where he was seated, and I brought him near the machine. I was real close to him. I put my head down to him, and I asked him, and I told him this was the last time, to be quiet and answer this question, do you want to take this test, or don't you?" Q. "What did he respond?" A. "I can't recall exact words, but the answer was no." DEFENDANT'S COUNSEL: "Now I ask, move for the record, that the answer be stricken out." THE JUDGE: "No. It may stand." DEFENDANT'S COUNSEL: "Note my Exception."

Commonwealth *v.* Scott.

Admission of this evidence constituted prejudicial error and the later limiting instruction by the judge[1] cannot be said to cure it. There is no ambiguity in G. L. c. 90, § 24 (1) (e). It explicitly forbids introduction of evidence of refusal to take a breathalyzer test. To allow the admission of such evidence to show the attitude, bearing and responses of the defendant in his refusal to submit to a breathalyzer examination is in express violation of the clear intent of the statute. We are impelled to conclude that the limiting instruction by the judge did not mitigate the damaging effect of the testimony that the defendant was asked at least six times whether he was willing to take the test and he finally refused to do so. In the case of *State* v. *Immerman*, 73 N. J. Super. 421, 425, the court held that police officers, in forming an opinion as to the defendant's intoxication, should not have considered the defendant's refusal to be examined by a physician and that their opinions, based in part on such refusal, should have been struck on motion. In States where there is a statutory prohibition against the admission of evidence concerning the refusal to submit to an examination, the courts have generally concluded that evidence of refusal is inadmissible. *Stuart* v. *District of Columbia*, 157 Atl. 2d 294, 295–296 (Mun. Ct. of App. D. C.). *Davis* v. *State*, 8 Md. App. 327, 329–330. *People* v. *Reeder*, 370 Mich. 378, 382. *State* v. *Simonsen*, 252 Minn. 315, 325–327. *People* v. *Stratton*, 286 App. Div. (N. Y.) 323; affd. 1 N. Y. 2d 664. *State* v. *Severson*, 75 N. W. 2d 316, 318 (N. D.). See 87 A. L. R. 2d 370, 373, for a collection of the cases.

2. In assignment no. 1, the defendant essentially questions whether there was sufficient evidence of involuntary manslaughter caused by wanton or reckless conduct.

The defendant testified that on September 21, 1968, he had two seven ounce bottles of beer while eating dinner. Shortly thereafter he was driving his car on Housatonic Street in

---

[1] The instruction reads in part: "The only reason why that evidence was permitted to be introduced into court was because the police officer said that the manner in which the conversation was conducted, and the attitude of Scott was one of the bases upon which he formed an opinion that this man was drunk."

Lee, Massachusetts, when the operator of a car behind him blew his horn and blinked his lights indicating that he wished to pass. The defendant "pulled over" to the right and the other car passed on his left. The defendant's car then collided with another car parked on the right side of the street.

There was testimony that one of the passengers in the parked car had alighted previous to the accident and was standing behind that car when the collision occurred. She was struck by the defendant's vehicle and died shortly thereafter from injuries incurred in the accident. The husband of the victim was at the scene when the accident occurred, two police officers arrived at the scene shortly thereafter, and two other officers saw him at the police barracks. They each testified that the defendant was drunk.

We are of opinion that the evidence was sufficient to warrant the jury to find that in driving his automobile while his mental and physical faculties were substantially impaired by the effect of intoxicating liquor, the defendant committed a wanton or reckless act. See *Commonwealth* v. *Welansky*, 316 Mass. 383. His condition at the time of the accident was a question of fact properly submitted to the jury and therefore there was no error in denying the defendant's motion for a directed verdict.

*Judgment reversed and the*
*verdict set aside.*