Jasen, J. (concurring).
Although I concur in the result upon constraint of People v. Stratton (286 App. Div. 323, affd. IN Y 2d 664), I would only add the following. Since the Stratton case was decided, the Supreme Court has ruled in Schmerber v. California (384 U. S. 757) that there are no constitutional rights or privileges to prevent a State from compelling a person, suspected of driving while intoxicated, to submit to a blood test.[1] Consequently, since there is no constitutional right to refuse to submit to such a test, it necessarily follows that there can be no constitutional prohibitions to prevent comment upon the accused’s failure to take the test.
The Stratton holding, forbidding comment upon the failure to submit to a chemical test for intoxication, thus rests solely upon a statutory interpretation of the appropriate section of the Vehicle and Traffic Law relating to the taking of chemical tests. (Vehicle and Traffic Law, § 1194.) This interpretation is based upon the premise that the statute gives a person a ‘ ‘ right ’ ’ to *506 refuse to take such a test and that this right would be rendered meaningless if comment upon its exercise was permitted.
An examination of the legislative history of section 71-a of the Vehicle and Traffic Law of 1929 (predecessor to § 1194) reveals that the primary reason for allowing an individual to refuse to take a blood test was to avoid the unpleasant situation of forcibly taking blood from a recalcitrant donor. (See Interim " Report of Joint Legislative Committee on Motor Vehicle Problems, Chemical Tests for Intoxication [N. Y. Legis. Doc., 1953, No. 25].) However, the strong policy evidenced to remove the drunken driver from the road means that such a refusal will result in a license revocation. Consequently, this ‘ ‘ right ’ ’ of refusal is not really a right in the sense of a fundamental personal privilege, but, rather, was merely an accommodation to avoid a distasteful struggle to forcibly take blood. Since the statute itself equates a refusal with guilt (by revoking the driver’s license) and expresses a strong policy to protect the public from the threat of drunken driving, there appears to be no compelling reason to forbid comment on a person’s refusal to take a blood test. It should be quite obvious that the primary reason for a refusal to submit to a chemical test is that a person fears its results. To forbid comment upon such a refusal seems unduly restrictive of legislative intent and unnecessarily prevents the use of competent and probative evidence. (See Fisher, Vehicle Traffic Law [1961], p. 288.)
In summary, the Stratton case is based solely upon statutory interpretation and appears to have been wrongly decided. Since Stratton rests solely upon this statutory basis, the Legislature may, if it be so advised, correct this situation.
Ordered affirmed.

. Indeed, our court has recently held, as a logical extension of Schmerber, that a person is not entitled to the warnings required by Miranda v. Arizona (384 U. S. 436) prior to the extraction of blood. (People v. Craft, 28 N Y 2d 274.)