129 N.J. Super. 80 (1974)
322 A.2d 453
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DENNIS L. TABISZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 23, 1974.
Decided May 2, 1974.
*81 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Messrs. Convery and Convery, attorneys for appellant (Mr. Clark W. Convery, on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. George F. Kugler, Jr., former Attorney General of New Jersey, and Mr. Robert H. Klausner, Deputy Attorney General of counsel and on the brief).
PER CURIAM.
Defendant was convicted in municipal court of operating a motor vehicle while under the influence of intoxicating liquor. N.J.S.A. 39:4-50(a). On appeal to the County Court, he was again convicted after a trial de novo on the record. This appeal followed.
The record discloses that on February 3, 1972, at about 10:45 P.M., while operating his motor vehicle, defendant struck another vehicle in the rear. The incident occurred in a well-illuminated area of the Garden State Parkway near a toll plaza. The investigating trooper testified to the odor of alcohol on defendant's breath, to his bloodshot eyes, to his slow and staggering movements, and stated that in his opinion defendant was under the influence of alcohol. He further testified that when defendant was taken to the barracks and asked to take a breathalyzer test, he refused to do so. Also, defendant was unable to complete the finger-to-nose test and was generally uncooperative in performing other requested routine movements to test his coordination. While defendant admitted he had four drinks before dinner, he explained that his bloodshot eyes, unsteady gait and inability to perform the various coordination tests were the result of injuries sustained in the accident and a preexisting physical condition characterized as club feet.
Defendant contends the finding of guilty was against the weight of the evidence and that the County Court judge failed to make independent findings of fact.
*82 Our examination of the record satisfies us that these contentions are without merit.
Defendant next contends it was reversible error to admit evidence of his refusal to take the breathalyzer test, contending the trial judge relied upon it in reaching his conclusion. In support of his position defendant cites the cases of State v. Homer, 86 N.J. Super. 351 (App. Div. 1965); State v. Immerman, 73 N.J. Super. 421 (App. Div. 1962), and State v. Ingram, 67 N.J. Super. 21 (Cty. Ct. 1961). It was the rationale of the court in Ingram that since the Legislature had conferred upon one accused under the statute the absolute right to refuse to take the breathalyzer test, the exercise of this right should not be the basis of an inference of guilt. Accordingly, such evidence was inadmissible. This holding was restated in Homer and in Immerman, supra, without further elaboration.
After the decision in Homer the Legislature in 1966 amended the statute and significantly revised the law to eliminate the necessity for the express consent of one accused to take the test, and in its place incorporated the theory of implied consent as a basis for obtaining a sample of one's breath. The statute now reads, in part, as follows:
N.J.S.A. 39:4-50.2(a):
Any person who operates a motor vehicle on any public road, street or highway or quasi-public area in this State shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in his blood * * *.
The validity of this statute was upheld in State v. Macuk, 57 N.J. 1 (1970), when Justice Hall, speaking for the court, said:
There is a clear legal right to require a motor vehicle operator, arrested on probable cause for driving "under the influence" or "while impaired", to submit to a chemical test of bodily substances to determine the amount of alcohol in his blood, or, for that matter, to a physical coordination test * * *.
State v. Kenderski, 99 N.J. Super. 224 (App. Div. 1968).
*83 It follows that since the necessity for express consent to submit to the test has been eliminated and there is no longer a right to refuse to take the test, the failure of one accused to submit to the test is properly admitted into evidence. That is the clear import of the holding in State v. Cary, 49 N.J. 343 (1967). In that case defendant appealed from two pretrial orders compelling him to submit to blood grouping tests and a recording of his voice. The case was remanded to the trial court to take testimony to determine whether the voice print technique and equipment were sufficiently accurate to produce results admissible as evidence. The court then proceeded to consider the effect of a refusal of defendant to cooperate and furnish a sample of his voice should that occur. It held (at 343) that a defendant's refusal to cooperate and furnish a sample of his voice "could properly be the subject of comment by the prosecutor and the trial judge as showing consciousness of guilt and inconsistency with a claim of innocence." The court cited with approval People v. Sudduth, 55 Cal. Rptr. 393, 421 P.2d 401 (Sup. Ct. 1966), where it was held that a refusal to take a breathalyzer test could be the subject of comment by the prosecutor and judge on the theory that defendant had no privilege to refuse to take the test.
It, therefore, being clear that defendant in this case had no right to refuse to submit to the test, his refusal to do so was admissible in evidence and could be the basis of an inference of guilt.
Affirmed.