**CITY OF ST. JOSEPH, Missouri, Plaintiff-Respondent,**

v.

**Leland JOHNSON, Defendant-Appellant.**

**No. KCD 27963.**

Missouri Court of Appeals, Kansas City District.

Aug. 2, 1976.

Downs & Pierce, St. Joseph, for defendant-appellant.

Gary A. Fenner, St. Joseph, for plaintiff-respondent.

Before PRITCHARD, C. J., and SHANGLER, DIXON, SWOFFORD, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

SHANGLER, Judge.

The defendant Johnson was charged by the municipality of St. Joseph, Missouri, with the operation of a motor vehicle while under the influence of intoxicating liquor. He was found guilty of the offense, appealed the municipal conviction to the circuit court, and was convicted anew by a jury.

At the time of his arrest, Johnson refused the breathalyzer test and, pursuant to § 564.444(1), RSMo Supp.1975, suffered suspension by the Director of Revenue of his license to operate a motor vehicle. As authorized by that statute, Johnson then obtained hearing before a magistrate of the county for review of the order of suspension on grounds that the arresting officer upon whose affidavit the order issued had not advised him that refusal could result in revocation of his license as required by § 564.444(1), and that the officer had no reasonable ground to believe that Johnson was drunk. The magistrate found in accordance with the contentions and entered an order of permanent restraint against the Director from suspension or revocation of the Johnson license.

At the circuit court trial, Johnson offered a motion in limine to prohibit the municipal witnesses from reference to the refusal by Johnson to take the breathalyzer test, on grounds that such evidence was both irrelevant and prejudicial to the cause of the defendant. After oral argument, the court denied the motion but allowed the defendant to raise the issue again during trial, should the evidence show that the police had probable cause to believe Johnson was intoxicated at the time he was requested to submit to the test. The court also rejected the contention by Johnson that the order of the magistrate was res judicata and a binding determination on the circuit court that no probable cause existed.

The defendant argues that the judgment of the magistrate which enjoined the Director of Revenue from enforcement of the suspension order imports that the arresting officers were without reasonable grounds to believe that the defendant operated a motor vehicle while intoxicated, that the circuit court was bound by that determination on principles of collateral estoppel, thus the failure of the trial court to exclude evidence of the refusal by Johnson to submit to the breathalyzer was error. The defendant employs this argument as the matrix for the additional contention, both at the trial and on appeal, that the evidence of refusal to take the breathalyzer was irrelevant to the issue of intoxication, and admission of that testimony prejudicial to the defendant.

■ *Collateral estoppel* means simply that when an issue of ultimate fact has once been determined by a valid judgment, that issue cannot be again litigated between the same parties in future litigation. *Ashe v. Swenson*, 397 U.S. 436, 442, 90 S.Ct.

1189, 25 L.Ed.2d 469 (1970). A proceeding for revocation of license under § 564.444 is a purely civil action. *In re Green*, 511 S.W.2d 129; 130[1] (Mo.App. 1974). A proceeding for breach of a municipal ordinance is a civil action with quasi-criminal aspects. *City of Elvins v. De Priest*, 398 S.W.2d 22, 23[1] (Mo.App.1965). In the first, the State is a party in interest, and in the second, it is the municipality. The disparity of the parties and of the interests affected precludes the operation of collateral estoppel to these circumstances. *Smith v. Preis*, 396 S.W.2d 636, 640[4–7] (Mo.1965).

The central concern of this appeal, then, becomes whether a refusal by Johnson to take the breathalyzer was probative and admissible on the charge of intoxication in the municipal proceeding. It is the contention of defendant Johnson that § 564.444 allows a real option to refuse the breathalyzer, so that an exercise of that prerogative does not give rise to an inference of intoxication and guilt. The municipality responds that while a defendant may not be compelled to testify against himself, but may hold his silence, he has no comparable right to withhold a breath sample by breathalyzer when requested by police. That is because [the response continues] § 564.444 does not involve a testimonial compulsion, and therefore the privilege against self-incrimination is not abridged, and the refusal to submit to the breathalyzer amounts to concealment of nonprivileged evidence and may be shown to prove guilt. This argument proceeds on the analogies of *Schmerber v. State of California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) [which holds that an involuntary extraction of blood samples does not compel testimonial evidence against oneself] and *Jones v. Schaffner*, 509 S.W.2d 72, 77[2, 3] (Mo.1974) [which holds that the requirements of § 564.444 do not violate the right against

self-incrimination]. The defendant Johnson does not contend, however, that § 564.444 compels his testimony against himself— quite to the contrary—but only that the policy of the statute excludes his refusal of the test as evidence of intoxication and guilt in the collateral municipal proceeding.

The decisions of the several states are in disarray as to whether the refusal or failure to take the breathalyzer test is admissible in the punitive proceeding of driving while intoxicated.[1] This disparity in opinion derives in part from a miscellany of the statutes, some of which expressly exclude such refusal from evidence in the criminal proceeding,[2] and others which admit such proof.[3] Another factor which reckons in this cleavage of opinion is whether the statute accords an option to refuse the test or treats refusal as wrongful. Those jurisdictions which allow no option treat the refusal to test as evidence of a consciousness of guilt and admissible on the issue of intoxication. *People v. Sudduth*, 55 Cal.Rptr. 393, 421 P.2d 401; *State v. Benson*, 203 Iowa 1168, 300 N.W. 275 (1941).

Our statute, § 564.444 allows a motorist within its terms "the present, real option either to consent to the test or refuse it, and preliminarily the police authorities must request the test, explain its purpose and the consequences of refusal". *Gooch v. Spradling*, 523 S.W.2d 861, 865 (Mo.App. 1975). Thus, acceptance by a motorist of a license to operate a vehicle upon the highways of the state does not amount to an implied consent to submit himself to chemical analysis when charged with driving in an intoxicated condition. The sobriquet "implied consent law" both misnominates § 564.444 and also misleads as to its legal effect. *Gooch*, supra, l. c. 865.

Two jurisdictions have statutes pre-eminently comparable to the Missouri law in

---

1. The various responses to this question are collected in the annotation: Evidence—Alcohol Test—Refusal, 87 A.L.R.2d 370.

2. *Commonwealth v. Scott*, 359 Mass. 407, 269 N.E.2d 454 (1971); *Davis v. State*, 8 Md.App. 327, 259 A.2d 567 (1969); *State v. Gillis*, 160 Me. 126, 199 A.2d 192 (1964); *Duckworth v.*

*State*, 309 P.2d 1103 (Okl.Cr.1957); *State v. McCarthy*, 259 Minn. 24, 104 N.W.2d 673 (1960).

3. *State v. Tiernan*, 206 N.W.2d 898 (Iowa 1974); *State v. Lynch*, 274 A.2d 443 (Del.Super. 1971).

text and intendment, Michigan and New York. The courts of those states have ruled that the refusal by the motorist to submit to the test is inadmissible because the statute accords him the right to refuse even though the exercise of this right may cost the loss of license to drive. *People v. Stratton*, 286 App.Div. 323, 143 N.Y.S.2d 362 (1955) held that it was reversible error to admit evidence of the refusal of the motorist to submit to a blood test in his trial for criminal negligence where the central issue was his intoxication. The court noted that by statute the motorist had an absolute right to refuse the test and the exercise of that right could not be used to create an unfavorable inference against him. In *People v. Hayes*, 64 Mich.App. 203, 235 N.W.2d 182 (1975) the court held evidence of refusal inadmissible for two basic reasons: the legislature had failed to make such evidence admissible, thus to sanction such evidence, would render the choice allowed by statute to take or refuse the test meaningless.

■ The choice allowed a motorist by the Missouri statute to refuse or submit to the test is encumbered only by the possibility of revocation of license, but no other liability. The statute imposes no other consequence. The admissibility of the refusal as evidence of intoxication in a collateral criminal proceeding, therefore, depends upon whether the probative value of such evidence outweighs its prejudicial effect. Our decisions recognize that a motorist must make his choice to refuse or submit in the atmosphere of his arrest and restraint. *Gooch v. Spradling*, supra, l. c. 865; *Thomas v. Schaffner*, 448 S.W.2d 319 (Mo.App.1969). In this environment, the refusal may result equally from rational causes of disquiet as from a consciousness of guilt. See, *Crawley v. State*, 219 Tenn. 707, 413 S.W.2d 370 (1967); *State v. Munroe*, 22 Conn.Sup. 321, 171 A.2d 419 (1961); *Duckworth v. State*, 309 P.2d 1103 (Okl.Cr.1957). We are persuaded the more rational and acceptable view is that the probative value of refusal is insufficient to provide an independent basis for admissibility.

■ We agree also with the Michigan court [*People v. Hayes, supra*] that on principles of fundamental fairness a defendant in a criminal proceeding should not be compelled to explain his refusal to take the test at the risk of suffering the inference of guilt and prejudice which a jury is bound to draw from the evidence of his refusal. A defendant accorded a right by statute should not be required to explain the exercise of that right nor should it be used to create an inference of his guilt. In our case, a motorist who has chosen the penalty of revocation for refusal to take the test should not, absent the sanction of statute, be subject to an additional penalty of having his refusal used against him at the trial for criminal charges.

The municipality insists that New Jersey precedent should determine the question because of the similarity of its statute with our counterpart and cites as authority *State v. Tabisz*, 129 N.J.Super. 80, 322 A.2d 453 (1974). *Tabisz* indeed holds that the refusal to take the test may be shown in evidence, but that on the basis that by the terms of the New Jersey statute a motorist has no right to refuse the breathalyzer, so that refusal is a wrongful act. The court acknowledged that a previous statute [comparable to our enactment] allowed a motorist an option to refuse the test, but that later amendment eliminated from the statute necessity for express consent. Thus, the court concluded that earlier New Jersey decisions [most notably *State v. Ingram*, 67 N.J.Super. 21, 169 A.2d 860 (1961)]—which ruled that evidence of refusal was inadmissible because the exercise of a right should not be the basis for an inference of guilt—were no longer applicable.

These New Jersey precedents are entirely consistent with the view we adopt as to the effect to be accorded our statute. The earlier New Jersey statute, as does our own, allowed the option to refuse and thus evidence of that refusal was not admissible in the criminal proceeding. When that option was removed by later amendment, so was the rationale for exclusion of the evidence. The consequences of the distinction are

even more pervasive, for a motorist who has no legal option to refuse the test, has no legal right to advice of counsel on the matter. *People v. Kenderski*, 99 N.J.Super. 224, 239 A.2d 249, 252 (1968). Our procedures which not only accord the motorist access to counsel as a matter of fairness [*Thomas v. Schaffner*, 448 S.W.2d 319 (Mo.App.1969)] but as a matter of express right [*Gooch v. Spradling, supra*, 1. c. 864[2]; Rule 37.89] are congruous with the consensual character of §§ 564.441 through 564.444.

It was error in the municipal proceeding to have received evidence of refusal of the defendant to submit to the breathalyzer test. The judgment is reversed and the cause remanded for a new trial.

All concur.