COMMONWEALTH vs. DONALD G. CONROY.

Plymouth. October 8, 1985. — November 20, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Evidence,* Breathalyzer. *Motor Vehicle,* Operating under the influence.

At the trial of a defendant charged with driving while intoxicated, no reversible error resulted from a police officer's testimony that the defendant had been advised, among other rights, of his right to a breathalyzer examination, where there was no direct testimony that the defendant had refused to submit to such an examination, where there was no further mention of the breathalyzer examination during the trial, and where there was no indication in the record that the officer's isolated testimony was the result of an attempt by the prosecutor or the officer to circumvent the provisions of G. L. c. 90, § 24 (1) (*e*). [268-270]

COMPLAINT received and sworn to in the Hingham Division of the District Court Department on June 27, 1983.

On appeal to the jury session of that court, the case was tried before *Charles E. Black,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Joseph D. Mulhall* for the defendant.

*Robert P. Snell,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. Following a trial before a jury of six in a District Court, the defendant was convicted of driving a motor vehicle while under the influence of intoxicating liquor, and failing to drive within marked lanes. The defendant appealed from the driving under the influence conviction, arguing that certain evidence admitted over his objection should have been excluded. The Appeals Court issued an order affirming the judgment, 18 Mass. App. Ct. 1117 (1984). We granted the defendant's application for further appellate review, and now affirm.

The sole issue raised by the defendant on appeal is whether the trial judge improperly admitted certain testimony of the arresting officer. State Trooper Charles Devin was the Commonwealth's first witness. During the course of the Commonwealth's direct examination, the prosecutor inquired of Trooper Devin: "And while you were at the station, what did you do there?" Trooper Devin responded as follows: "Upon entering the barracks, Mr. Conroy was further advised once again of his rights per Miranda. He was advised of his right to take a breathalyzer and he was advised of his rights to make a phone call." The defendant contends that the trooper's testimony violated G. L. c. 90, § 24 (1) (*e*) (1984 ed.), which provides that "[e]vidence that the defendant failed or refused to consent to such test or analysis shall not be admissible against him in a civil or criminal proceeding . . . ."[1]

Trooper Devin informed the jury that the defendant had been provided with an opportunity to take a breathalyzer test. The defendant argues that this information, unaccompanied by evidence of test results or circumstances preventing the administration of the examination, led the jury to the inescapable conclusion that the defendant had declined to take the test. As a result of this inferential effect, the defendant argues, Trooper Devin's testimony amounted to evidence of the defendant's

---

[1] Defense counsel did not object to the question when posed by the prosecutor, but did object to the witness' response. After hearing both counsel at side bar, the judge overruled the defense counsel's objection. Defense counsel then moved for a mistrial, which motion was denied by the judge. At no time did defense counsel perfect his objection by moving to strike Trooper Devin's answer, nor did he request curative instructions to the jury. Defense counsel asserts that these requests would have been futile in light of the fact that the judge had already overruled his objection, and because such motions would have only served further to draw the jury's attention to the fact the defendant had declined the breathalyzer examination. These contentions are not entirely without merit. In any event, we need not penalize the defendant because his counsel's objections may have been inartistically made. See *Commonwealth* v. *Hawley,* 380 Mass. 70, 86 (1980). Counsel alerted the judge to his objection, and the judge ruled against him. We thus consider the issue before us on appeal to be whether Trooper Devin's testimony was properly admitted, and not, as the Commonwealth argues, whether the judge properly denied the defendant's motion for a mistrial.

refusal to submit to the breathalyzer examination, and thus should have been excluded under G. L. c. 90, § 24 (1) (e).

We last addressed the admissibility of a defendant's refusal to submit to a breathalyzer examination in the case of *Commonwealth* v. *Scott,* 359 Mass. 407 (1971). In *Scott* we held that the admission of evidence regarding the defendant's refusal to take the breathalyzer examination constituted a clear violation of G. L. c. 90, § 24 (1) (e). Yet the facts in *Scott* are immediately distinguishable from the case at bar. In *Scott* the prosecutor specifically asked the police officer what the defendant responded when asked if he was willing to take a breathalyzer examination; the police officer testified over objection that the defendant said "no." Thus, direct evidence of the defendant's refusal to submit to the examination was improperly admitted in clear violation of G. L. c. 90, § 24 (1) (e), and this was held to be reversible error. See *People* v. *Miller,* 75 Ill. App. 3d 775 (1979) (reversing reckless homicide conviction where judge improperly allowed direct evidence of defendant's refusal to take blood alcohol test); *State* v. *Anonymous,* 6 Conn. Cir. Ct. 470 (1971) (judgment set aside where officer testified over objection that defendant had refused to submit to either blood, breath, or urine examination).

In the present case, no such direct evidence of the defendant's refusal was placed before the jury. The State trooper testified only that the defendant was afforded an opportunity to submit to a breathalyzer examination, and did not testify that the defendant declined this offer. The trooper's testimony thus does not fall within the express language of the statute's prohibition of "evidence that the defendant failed or refused to consent . . . ."

The defendant contends that the trooper's testimony constituted indirect evidence of the defendant's "refusal," and that, since G. L. c. 90, § 24 (1) (e), by its terms does not distinguish between direct and indirect evidence, such testimony should also be excluded under this section.

We accept the defendant's argument that the evidence should have been excluded as inadmissible under the statute. However, we conclude that the admission of this evidence did not consti-

tute reversible error. The defendant urges us to adopt a rule of per se reversal when evidence is introduced in contravention of G. L. c. 90, § 24 (1) (*e*). We decline to follow this course. In *Commonwealth* v. *Scott,* 359 Mass. 407 (1971), where direct evidence of the defendant's refusal to take the breathalyzer examination was improperly admitted, we reversed the defendant's manslaughter conviction only because we found that the accused was prejudiced by this error. *Id.* at 409. We concluded that the judge's instructions did not mitigate the damaging effect of the testimony where the defendant was asked at least six times whether he was willing to take the test before he finally refused to do so. In reversing that conviction, we did not adopt a per se rule of reversal, but rather held that under the circumstances the admission of this evidence constituted prejudicial error.

In the case at bar, we do not hesitate to conclude that the admission of Trooper Devin's testimony was not prejudicial so as to require reversal. The witness testified on one isolated occasion to the fact that, among other rights, the defendant was given an opportunity to submit to a breathalyzer examination. No further mention was made of the breathalyzer examination. The prosecutor did not refer to this portion of Trooper Devin's testimony during his closing argument. Measuring this alleged impropriety against the weight of the Commonwealth's evidence, we perceive no error sufficient to warrant reversal of the conviction. Other courts have taken a similar approach when faced with analogous factual circumstances. See *People* v. *Clairmont,* 13 Mich. App. 577 (1968) (no reversible error where officer volunteered that he asked defendant if he would submit to a blood test); *State* v. *Gillis,* 160 Me. 126 (1964) (no abuse of discretion in denying motion for mistrial where police officer improperly testified that he informed defendant of his "rights," including a blood alcohol content test).

In reaching this conclusion, we do not open the door in the future for prosecutors and police officers to circumvent the provisions of G. L. c. 90, § 24 (1) (*e*), by presenting evidence that the defendant was offered a breathalyzer examination. On all of the evidence in this case, it appears that the trooper's

testimony was inadvertent. The prosecutor asked a nonleading question regarding the trooper's actions upon arriving at the barracks, and the witness, while testifying in a narrative manner to the "rights" afforded the defendant, included in his recitation the opportunity to take a breathalyzer examination. Apart from this sole reference, there was no further mention of the breathalyzer examination during the remainder of the trial. Thus, there is no indication in the record that the trooper's isolated testimony was the result of a tactical maneuver by the Commonwealth or its witness to circumvent the mandate of G. L. c. 90, § 24 (1) (*e*). However, a different set of circumstances might lead to the inference that the Commonwealth intentionally and designedly introduced evidence tending to show that the defendant had refused an opportunity to submit to a breathalyzer examination. In those circumstances, as in *Scott, supra,* reversal of the defendant's conviction would appropriately follow.

*Judgment of the District*
*Court affirmed.*