**Howard Thomas BARNHART, Appellant,**

v.

**Paul S. McNEILL, Jr., Missouri Director of Revenue, Respondent.**

**No. WD 41675.**

Missouri Court of Appeals, Western District.

June 27, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied Sept. 12, 1989.

James P. Valbracht, Cleaveland, Macoubrie, Cox, Valbracht and Elliott, Chillicothe, for appellant.

Sandra A. Mears, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

The driving privileges of Howard Thomas Barnhart were revoked by the director of revenue for a period of one year, pursuant to § 577.041, RSMo Supp.1988, upon Barnhart's refusal to submit to a urine test after he had been placed under arrest for careless and imprudent driving and driving while intoxicated. The circuit court af-

firmed the revocation and Barnhart appeals, contending that the revocation was erroneously imposed because the arresting officer failed to inform appellant that evidence of his refusal to take the test could be used in a criminal prosecution under §§ 577.010 or 577.012, RSMo 1986.[1]

To understand the point at issue in this case, it is necessary to compare § 577.041.1 before and after the 1987 amendment. In its previous form, the statute read:

If a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, which request shall include the reasons of the officer for requesting the person to submit to a test and which also shall inform the person that his license may be revoked upon his refusal to take the test, then none shall be given. * * * Upon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of one year * * *. (Omitted portions of the statute are irrelevant to issues on this appeal).

The 1987 amendment supplied additions and, as applicable to this case, now reads (with the additions emphasized):

If a person under arrest refuses upon the request of the arresting officer to submit to *any test allowed under Section 577.020,* then none shall be given *and evidence of the refusal shall be admissible in a proceeding under Section 577.010 or 577.012.* The request of the arresting officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person *that evidence of his refusal to take the test may be used against him* and that his license may be revoked upon his refusal to take the test * * *.

From the above, it is apparent that the 1987 amendment accomplished the following changes, (1) the words "tests allowed under § 577.020" were substituted for "chemical test," (2) evidence of a refusal to submit to a test was authorized for use in a criminal prosecution for driving while intoxicated or driving with excessive blood alcohol content, and (3) the arresting officer was required to inform the person of the possible consequences under (2) above.

It was stipulated in this case that the arresting officer did not inform Barnhart that his refusal to submit to the urine test could be used as evidence were he criminally charged under §§ 577.010 or 577.012. He contends that this defect precludes revocation of his license under § 577.041.1, RSMo Supp.1988. The question appears to be one of first impression.

There is no indication that Barnhart has been or will be subjected to any criminal prosecution as a result of the incident in question. No issue arises, therefore, as to whether Barnhart's refusal to take the test must be excluded from evidence because of lack of a warning that consequence could ensue. The sole penalty involved is license revocation for one year. The issue is limited to require a decision only on the question of whether the statute requires a warning of possible consequences in a criminal prosecution before the penalty of a license revocation may be imposed. This, in turn, requires that we ascertain the intent of the General Assembly in enactment of the 1987 amendment to § 577.041.

In considering what the legislature intended by its enactment, we are guided by the propositions that the General Assembly is presumed to be aware of existing declarations of law and the construction of existing statutes when it enacts a law on the same subject, and also that a new statute must be construed in light of the defect it sought to remedy. *State v. Coor,* 740 S.W.2d 350, 354 (Mo.App.1987). In the present case, the defect and the remedy are abundantly clear as is the purpose for the 1987 amendment.

The history of this subject begins with the case of *City of St. Joseph v. Johnson,* 539 S.W.2d 784 (Mo.App.1976). There, the court held evidence of refusal to take a breathalyzer test inadmissible in a prosecution for operating a motor vehicle while under the influence of intoxicating liquor. The decision was thereafter observed as

1. All statutory references are to RSMo 1986 except as otherwise indicated.

requiring the exclusion of such evidence in criminal or municipal ordinance prosecutions until 1983 when the United States Supreme Court decided *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). In that case, the court held evidence of an accused's refusal to submit to a chemical test was not violative of due process rights when introduced in the criminal prosecution for an alcohol related offense, even though the person had not been warned at the time of the consequences of refusal.

After 1983, the state of the law in Missouri on the subject was uncertain. Under *Neville*, it was clear that no federal constitutional right required the exclusion from evidence in a criminal proceeding of proof that the accused had refused a chemical test, whether warning of that consequence was or was not provided. *City of St. Joseph*, however, did not base its decision on due process grounds, but on the construction of the statute as allowing a refusal to submit to the test without consequences other than license revocation. In its pre-1987 form, § 577.041 made no mention of using evidence of refusal to take a chemical test in some collateral proceeding nor was warning of the other consequences required.

With this sequence of decisions at hand and the evident problem of what evidence could be used in criminal prosecutions under §§ 577.010 and 577.012, the legislature acted to settle the law. It announced that evidence of a failure by a person to submit to the chemical test provided by § 577.020 would be admissible in criminal prosecutions under §§ 577.010 or 577.012 and a warning of such consequence must be given at the time that the test is presented. After the effective date of the statute, the decision in *City of St. Joseph, supra*, became irrelevant. *State v. Stevens*, 757 S.W.2d 229, 233 (Mo.App.1988).[2]

It is apparent that the only subject considered by the legislature when it adopted the amendments to § 577.041 was the use as inculpatory evidence in a criminal trial of the fact that the accused had refused to submit to a chemical test when arrested for driving while intoxicated. Because that evidence was formerly barred under the decision in *City of St. Joseph*, the legislature also appended the condition that the person be apprised of this possibility when he was called upon to decide whether to submit to the test.

Neither the history of circumstances preceding adoption of the statutory change nor the language of the statute itself provides any basis to infer or contend that any change was made in the procedures applicable to revocation of driving privileges. The warning which was not given in this case, and upon which appellant rests his claim of error, was simply irrelevant to the revocation of his driving privileges. The absence of the cautionary instruction from the arresting officer would be pertinent for consideration only if appellant had faced a criminal prosecution under §§ 577.010 or 577.012. That is not this case.

We hold, therefore, that revocation of a driver's license under § 577.041, RSMo Supp.1988, is not impaired where the arresting officer does not inform the person that evidence of his refusal to take the test may be used against him, so long as the other conditions of the statute are satisfied.

The judgment is affirmed.

All concur.

2. We express no opinion on the consequence in a § 577.010 or 577.012 prosecution of the failure by the arresting officer to give the cautionary warning, a subject not addressed in *Stevens*.