COMMONWEALTH *vs.* MARY LOU MADIGAN. No. 94-P-1468. May 23, 1995. *Motor Vehicle*, Operating under the influence. *Constitutional Law*, Self-incrimination, Breathalyzer test. *Practice, Criminal*, Instructions to jury, Retroactivity of judicial holding, Failure to make objection.

The defendant was found guilty of operating a motor vehicle while under the influence of intoxicating liquor on June 16, 1993. As directed by G. L. c. 90, § 24(1) (*e*), in cases where no blood-alcohol test results have been put in evidence, the judge instructed the jury of the procedures the police must follow, in offering the defendant a breathalyzer test and the opportunity for a blood test. See *Commonwealth* v. *Alano*, 388 Mass. 871, 874 (1983), and G. L. c. 263, § 5A. This instruction was later held in *Commonwealth* v. *Zevitas*, 418 Mass. 677, 683 (1994), to violate the self-incrimination clause of art. 12 of the Massachusetts Declaration of Rights. The instruction, therefore, should not have been given, but the defendant took no objection.

---

Newly announced rules of criminal law will normally be applied in any case pending on direct appeal where the point has been saved by an objection. *Commonwealth* v. *Figueroa*, 413 Mass. 193, 202 (1992). An objection is not necessary, however, where the new rule is constitutionally based and the constitutional theory "was [not] sufficiently developed at the time of the [defendant's] trial . . . to afford the [defendant] a genuine opportunity to raise his claim." *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 248 (1980). *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 16-17 (1986). In *Commonwealth* v. *D'Agostino, ante* 206, 209, further appellate review granted, 420 Mass. 1101 (1995), we held that the *Zevitas* ruling was not sufficiently foreshadowed in trials prior to *Opinion of the Justices*, 412 Mass. 1201, 1211 (1992), to necessitate the filing of an objection. This case, by contrast, was tried more than one year after the *Opinion of the Justices*, and it is apparent from the *Zevitas* decision, 418 Mass. at 683, that the court regarded its ruling as a simple reaffirmation of the view they had expressed two years earlier. As the so-called "clairvoyance exception," *Commonwealth* v. *Miranda, supra*, does not apply, the absence of an objection at trial to the instruction precludes raising the issue now on appeal. This conclusion would not be affected by the question raised but not answered in *Commonwealth* v. *McGrail*, 419 Mass. 774, 781 (1995), and by the grant of review in *D'Agostino*.

The remaining issues are of no merit. The police officer's improper reference to giving the defendant the opportunity to take a breathalyzer test does not call for reversal if there was no prejudice. *Commonwealth* v. *Conroy*, 396 Mass. 266, 269 (1985). Here, prejudice was obviated by the defendant's own testimony that she took the breathalyzer test. In any event, the judge was not required to grant a mistrial, and the defendant's counsel specifically requested that the judge not underscore the officer's testimony by a curative instruction. The motion for a new trial was correctly denied for the reasons stated by the judge.

*Judgment affirmed.*

*James E. Methe* for the defendant.
*Shaun S. McLean*, Assistant District Attorney, for the Commonwealth.