JAMES HERBERT DAVIS *v.* STATE
OF MARYLAND

[No. 500, September Term, 1968.]

*Decided December 12, 1969.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Joseph F. McBride* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General,* and *J.
Thomas Clark, State's Attorney for Queen Anne's
County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was charged by summons with having on

January 28, 1968, driven his motor vehicle under the influence of intoxicating liquor in violation of Maryland Code, Article 66½, Section 206. He was tried and convicted in the Magistrate's Court for Queen Anne's County and from that judgment he appealed to the Circuit Court. The case was tried by that court without a jury on November 6, 1968. During the course of the arresting officer's testimony, he was asked by the trial judge whether appellant "wanted to take a breathalizer test or if he would take a breathalizer test." Appellant vigorously objected to the court's question. The objection was promptly overruled and the arresting officer stated that appellant had refused to take the test. Appellant was convicted of the charge and thereafter petitioned for a writ of *certiorari* pursuant to Code, Article 5, Section 21. We granted the petition, limited to the question whether, in view of the provisions of Section 100 of Article 35 of the Code, the trial judge erred when he inquired, *sua sponte,* whether appellant had refused to take the breathalizer test.

The statute in question makes provision for the administration of chemical tests for alcohol in the blood of individuals charged with driving under the influence of intoxicating liquor.[1] Subsection (c) thereof, in effect at the time of appellant's trial, provided:

> "No person shall be compelled to submit himself or any part of his body or bodily substance for the purpose of a chemical analysis provided for in this section and evidence of chemical analysis shall not be deemed admissible if obtained contrary to the provisions of this subsection; and no inference or presumption concerning either his guilt or innocence arises by reason of his refusal to submit as hereinbefore set forth, *nor shall the fact of his refusal to so*

---

1. The statute was materially amended by Chapter 157 of the Acts of 1969, effective July 1, 1969.

*submit be admissible into evidence at his trial."*
(Emphasis supplied.) [2]

In view of the plain provisions of the statute, it was obvious error for the trial judge to admit the challenged evidence. *See People v. Reeder,* 121 N.W.2d 840 (Mich.) ; *People v. Stratton,* 143 N.Y.S.2d 362, *aff'd.* 133 N.E.2d 516 (N.Y.) ; *State v. Gillis,* 199 A. 2d 192 (Me.).

The State urges, however, that the error was harmless, first because appellant, by his own testimony on direct examination, acknowledged the fact that he refused to take the breathalizer test; and, second, because there was abundant evidence apart from that now challenged to show that appellant had been driving under the influence of intoxicating liquor.

We agree with the State that a party may, under some circumstances, waive his objection to testimony by subsequently offering testimony on the same subject. *Peisner v. State,* 236 Md. 137. More specifically, as noted in *Linkins v. State,* 202 Md. 212, 224, "If inadmissible evidence is admitted over objection and the same evidence is later admitted without objection, or produced by the party who objected, the error is harmless." We do not think that these general rules are applicable under the facts of this case. It is readily evident that by objecting to the court's question concerning his willingness to take a breathalizer test, the appellant wanted to preclude the possibility that the trial judge would infer from his refusal to take the test that he was in fact intoxicated—an inference, the drawing of which, the statute expressly prohibits. When the trial judge improperly solicited that inadmissible evidence from the arresting officer, appellant obviously deemed it necessary to show the reason why he refused to take the test, *viz.,* that he had previously admitted to the arresting officer that he had had several drinks. We think it plain that the admission of the objectionable evidence compelled appellant to admit

---

2. This subsection was materially altered by Chapter 157 of the Acts of 1969.

that he had refused to subject himself to the test, and then attempt to explain his reasons for not doing so. Under these circumstances, we hold that appellant did not waive his objection to the improperly admitted evidence, and that the error was not thereby rendered harmless.

While the State correctly points out that there was evidence, apart from that now challenged, from which the trier of fact could find that appellant had been driving under the influence of intoxicating liquor, it was not so overwhelming that we could properly say that the admission of the objectionable evidence had no likelihood of changing the result of the trial, particularly since the trial judge personally sought out such evidence and likely inferred therefrom, in violation of the statute, that refusal to take the test was indicative of guilt. We think then that the error was material to appellant's right to a fair trial and may have had a substantial influence on the verdict of the trier of fact. *See Womble v. State,* 8 Md. App. 119; *Tumminello v. State,* 7 Md. App. 380; *White v. State,* 7 Md. App. 416; *Lamar v. State,* 5 Md. App. 594.

> *Judgment reversed; case remanded for a new trial.*
> *Costs to be paid by the county commissioners of Queen Anne's County.*