**Joseph Robert ELLIS, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–85–097–CR.**

Court of Appeals of Texas, Eastland.

July 25, 1985.

John D. Moore, Moore & Smiddy, Mineral Wells, for appellant.

John Terrill, Dist. Atty., Stephenville, for appellee.

## OPINION

RALEIGH BROWN, Justice.

This is an appeal from a jury conviction of driving while intoxicated, enhanced by a prior offense. Punishment was assessed at confinement in the Texas Department of Corrections for five years and a $2,000 fine. We affirm.

Appellant, Joseph Robert Ellis, Jr., was arrested on November 13, 1984, for driving while intoxicated. He was taken to the Erath County Jail and asked to take a breathalyzer test. Appellant refused the test. At trial, his refusal to submit to the test was presented before the jury.

Appellant urges that the evidence was insufficient to show conviction of a prior offense. Such prior offense was also a conviction for driving while intoxicated, to which he had pled guilty. He contends that since the judgment in the prior case recites that appellant appeared in open court on July *29*, 1980, and that the sentence recites that appellant appeared in open court on July *24*, 1980, the evidence is insufficient to show a conviction of a prior offense on July 29. Pauline Chandler, County Clerk of Erath County, testified that according to her records, appellant's only appearance was on July *29*, 1980. The docket sheet of the county court substantiates her testimony.

A prior conviction alleged for enhancement may only be collaterally attacked on the grounds that it is void or tainted by a constitutional defect. *Galloway v. State*, 578 S.W.2d 142 (Tex.Cr.App.1979). Appellant has failed to raise either of these grounds. This ground of error is overruled.

Appellant further urges that the court erred in permitting Officer Bobby Harpole to testify about appellant's refusal to submit to the breath test when he had not been advised of the right to counsel prior to making the decision on whether to take the test.

We conclude from this ground of error and the argument thereunder that appellant urges a Fifth Amendment right against self-incrimination. He cites *Forte v. State*, 686 S.W.2d 744 (Tex.App.—Fort Worth 1985, pet'n filed), in support of his position. *Forte* is distinguishable from the instant case. In *Forte*, the challenge was to the admission of evidence of the results of a breathalyzer test. The challenge was not to the admission of evidence regarding appellant's refusal to take the test as is the challenge in the instant case. Moreover,

we do not agree with the reasoning in *Forte*.

The court in *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), held that a State could force a defendant to submit to a blood-alcohol test without violating his Fifth Amendment right against self-incrimination. The court in *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), ruled that evidence of a defendant's refusal to submit to a blood-alcohol test when authorized by a State statute was not repugnant to the Fifth Amendment to the United States Constitution.

The present version of TEX.REV.CIV. STAT.ANN. art. 6701*l*–5, sec. 3(g) (Vernon Supp.1985) permits evidence of test refusal to be introduced in criminal proceedings. We hold, therefore, that evidence of appellant's refusal to submit to the breathalyzer test after a lawful request by a police officer is admissible at trial when intoxication is an issue. *Gressett v. State*, 669 S.W.2d 748 (Tex.App.—Dallas 1983, pet'n granted). The ground of error is overruled.

We have considered and overruled all grounds of error.

The judgment of the trial court is affirmed.