Glen Eugene COX, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

Albert J. QUIMING, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

Nos. 85SC160, 85SC465.

Supreme Court of Colorado,
En Banc.

March 16, 1987.

David F. Vela, Colorado State Public Defender, William S. Schurman, Deputy State Public Defender, Steamboat Springs, for petitioner No. 85SC160.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Nathan B. Coats, Deputy Atty. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for respondent No. 85SC160.

David F. Vela, Colorado State Public Defender, Jeri Shepherd, Deputy State Public Defender, Pueblo, for petitioner No. 85SC465.

G.F. Sandstrom, Dist. Atty., Vincent J. Gratton, Deputy Dist. Atty., Pueblo, for respondent No. 85SC465.

DUBOFSKY, Justice.

We granted separate petitions for certiorari to review decisions of the Routt County District Court and the Pueblo County District Court affirming county court rulings that admission of evidence at trial of a defendant's refusal to take a blood or breath alcohol test does not violate a defendant's state constitutional privilege against self-incrimination and that failure to warn a defendant that refusal to take the test would be admissible at trial does not violate a defendant's state constitutional right to due process.[1] We also granted certiorari to consider whether one of the trial courts erred in admitting the evidence of refusal as relevant and not unduly prejudicial and the other erred in instructing the jury that evidence of refusal could be used along with other evidence to determine a defendant's guilt or innocence. We affirm the judgments of the district courts.

Shortly after midnight on November 16, 1983, a Routt County deputy sheriff followed a pickup truck for a mile and watched the truck, being driven by the defendant Glen Eugene Cox, weave on to the shoulder of the road four times. The officer stopped the truck, determined that Cox had the odor of an alcoholic beverage on his breath, and gave Cox a roadside sobriety test, which he failed. The officer advised Cox that he must submit to a blood or breath test and that refusal to take the test would result in revocation of his driver's license. Cox replied, "No test. I'm not going to take any test." Cox was not advised that his refusal to take the test could be introduced as part of the evidence against him at trial.[2] Cox was charged with driving under the influence of intoxicating liquor as proscribed by section 42-4-1202(1)(a), 17 C.R.S. (1984). Before trial he moved to exclude evidence of his refusal to take the test. The Routt County Court denied his motion without comment, and the district attorney presented evidence of Cox's refusal to the jury. The jury found him guilty of driving while ability impaired. § 42-4-1202(1)(b), 17 C.R.S. (1984).

Albert J. Quiming, the defendant in the companion case, was charged with driving under the influence of intoxicating liquor, § 42-4-1202(1)(a), 17 C.R.S. (1984); careless driving, § 42-4-1204, 17 C.R.S. (1984); and operating a vehicle without insurance, § 42-4-1213(1), 17 C.R.S. (1984), after he ran his pickup truck off the street and into a chain link fence in Pueblo on February 25, 1984. Quiming was not injured, but he neither responded to nor cooperated with Pueblo police officers. The officers smelled an alcoholic beverage on Quiming's breath and discovered a bottle containing some whiskey in his pocket. One of the officers asked Quiming to take a blood or breath test. The officer explained to Quiming that he would lose his license if he refused. Quiming was not advised that his

---

1. Certiorari review of a district court determination in a matter appealed from the county court is subject to this court's discretion. § 13-6-310(4), 6 C.R.S. (1973). We consolidated these cases for argument and decision.

2. At a pretrial hearing on the defendant's motion to exclude evidence of his refusal to take the test, the deputy sheriff testified that he did not advise Cox that his refusal to take the test could be used as evidence against him at trial.

The deputy, however, suggested at trial that he might have advised the defendant that one consequence of refusal was that the refusal could be admitted as evidence against the defendant. On appeal, the district court accepted the version of the advisement in the transcript of the pretrial hearing and determined that the defendant was not advised that his refusal to take any test could be used at trial.

refusal to take the test could be used against him in court. Over Quiming's objection, the district attorney introduced as evidence at trial Quiming's refusal to take the test, and the court instructed the jury, again over objection, as follows:

> If a person refuses to submit to such chemical test, then the jury may consider such refusal along with all other competent evidence in determining the Defendant's guilt or innocence.

The jury found Quiming guilty of all charges. The district courts for Routt County and Pueblo County affirmed the county court decisions in both cases.

## I.

Section 42-4-1202(1), 17 C.R.S. (1984), makes it a misdemeanor for a person to drive a vehicle while under the influence of intoxicating liquor. Section 42-4-1202(3)(a)(II) provides:

> Any person who drives any motor vehicle upon the streets and highways and elsewhere throughout this state may be required to submit to a chemical test of his breath or blood for the purpose of determining the alcohol content of his blood or breath, if arrested for any misdemeanor offense arising out of acts alleged to have been committed while the person was driving a motor vehicle in violation of subsection (1) or (1.5) of this section.

Subsection (3)(d) provides that if a person refuses to take a chemical test as provided in subsection (3)(a), he is subject to license revocation. Subsection (3)(e) provides:

> If a person refuses to submit to chemical tests as provided in this subsection (3) and such person subsequently stands trial for a violation of subsection (1) of this section, the refusal to submit to any test

shall be admissible into evidence at the trial, and a person may not claim the privilege against self-incrimination with regard to admission of refusal to submit to a chemical test.

The defendants claim that the statute allowing use of the refusal as evidence violates the privilege against self-incrimination as guaranteed by article II, section 18 of the Colorado constitution. The defendants do not base their argument on the United States constitution because in *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), the United States Supreme Court held that the use of a refusal to take a chemical test as evidence at trial is not a violation of the fifth amendment privilege against self-incrimination.[3] The Court ruled that "a refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer and thus is not protected by the privilege against self-incrimination." 459 U.S. at 564, 103 S.Ct. at 922.

■ Cox contends that the Colorado constitutional privilege against self-incrimination provides broader protection,[4] relying on language in *Vigil v. People*, 134 Colo. 126, 300 P.2d 545 (1956) (defendant argued that he should not have been required to wear a mask at robbery trial in order for witnesses to identify him), in which this court held that the privilege against self-incrimination does not apply to real evidence. The court commented,

> Our Constitution protects one against an admission of guilt coming from his own lips under compulsion and against the will of the accused, and has no relation whatever to real as distinguished from testimonial evidence.

*Vehicle Div. Dept. of Rev.*, 720 P.2d 564 (Colo. 1986); *People v. Gillett*, 629 P.2d 613 (Colo. 1981).

---

**3.** *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), addressed an issue left open in *Schmerber v. California*, 384 U.S. 757, 765 n. 9, 86 S.Ct. 1826, 1832 n. 9, 16 L.Ed.2d 908 (1966), which held that a state could require a defendant to submit to a blood-alcohol test without violating the defendant's fifth amendment right against self-incrimination. Moreover, there is no constitutional right to refuse to submit to a chemical test for blood alcohol content. *Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748; *Schmerber*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; *Brewer v. Motor*

**4.** Article II, section 18 of the Colorado constitution states that "[n]o person shall be compelled to testify against himself in a criminal case." The fifth amendment of the United States constitution provides that no person "shall be compelled, in any criminal case, to be a witness against himself."

*Id.* at 547. The language that Cox relies on is consistent with the United States Supreme Court's interpretation of the fifth amendment in *Neville*. Cox does not articulate any difference of significance between the fifth amendment and article II, section 18 of the Colorado constitution. Instead, he relies on *State v. Andrews*, 297 Minn. 260, 212 N.W.2d 863 (1973), *cert. denied*, 419 U.S. 881, 95 S.Ct. 146, 42 L.Ed.2d 121 (1974), in which the Minnesota Supreme Court held that refusal to take the test was inadmissible because it violated the defendant's privilege against self-incrimination protected by the Minnesota constitution as well as by the fifth amendment. After the decision in *Neville* the Minnesota Supreme Court, without overruling *Andrews*, held that introduction of the absence of a blood test in accordance with statutory authority does not violate the defendant's privilege against self-incrimination, *State v. Willis*, 332 N.W.2d 180 (Minn. 1983), and the Minnesota legislature amended its statute to allow evidence of the refusal to take a test to be introduced at trial, *Abe v. Commissioner of Public Safety*, 374 N.W.2d 788 (Minn.App.1985). Thus, according to the Minnesota Court of Appeals, *Andrews* is no longer controlling law. *Connor v. Commissioner of Public Safety*, 386 N.W.2d 242 (Minn.App.1986). In the absence of any precedent to the contrary, we see no reason to interpret the privilege against self-incrimination in the context of this case other than as the United States Supreme Court interpreted it in *Neville*. A refusal to take a blood or breath test when a police officer has lawfully requested it is not compelled testimony entitled to protection under the Colorado constitution.

Quiming asks us to hold that refusal to take a blood or breath test is communication of the thoughts and mental processes of the accused and therefore protected by the privilege against self-incrimination because the refusal is testimonial evidence.

Prior to *Neville*, a few state courts had held that a refusal to take the test was testimonial. *Andrews*, 297 Minn. 260, 212 N.W.2d 863; *State v. Neville (Neville II)*, 346 N.W.2d 425 (S.D.1984); *State v. Neville (Neville I)*, 312 N.W.2d 723, 726 (S.D. 1981), *rev'd*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); *Dudley v. State*, 548 S.W.2d 706 (Tex.Cr.App.1977).[5] The majority rule before *Neville*, as stated by the California Supreme Court in *People v. Sudduth*, 65 Cal.2d 543, 55 Cal.Rptr. 393, 421 P.2d 401 (1966), *cert. denied*, 389 U.S. 850, 88 S.Ct. 43, 19 L.Ed.2d 119 (1967), and *People v. Ellis*, 65 Cal.2d 529, 55 Cal.Rptr. 385, 421 P.2d 393 (1966), was that refusal to take the test was conduct similar to other circumstantial evidence of consciousness of guilt, such as escape from custody, or destruction of evidence, and not subject to protection under the privilege against self-incrimination.

In *Neville*, the Court declined to base its holding on whether refusal to take a test was testimony or conduct. 459 U.S. at 561, 103 S.Ct. at 921. Recognizing that the line between conduct and testimony is not always bright, the Court preferred to base its decision on the compulsion aspect of fifth amendment protection. *Id.* at 562, 103 S.Ct. at 921. Since *Neville*, a number of state courts have ruled that admission of evidence of refusal at trial does not violate state constitutional prohibitions against self-incrimination. *See Allen v. State*, 254 Ga. 433, 330 S.E.2d 588 (1985); *State v. Compton*, 233 Kan. 690, 664 P.2d 1370 (1983); *Connor*, 386 N.W.2d 242 (Minn. App.1986); *State v. Jackson*, 672 P.2d 255 (Mont.1983); *State v. Hoenscheid*, 374 N.W.2d 128 (S.D.1985); *State v. Smith*, 681 S.W.2d 569 (Tenn.Cr.App.1984); *Ellis v. State*, 696 S.W.2d 209 (Tex.Cr.App.1985); *State v. Cozart*, 352 S.E.2d 152 (W.Va. 1986). Included among the states listed are the states that before *Neville* had fol-

---

**5.** Some state courts, before the decision in *Neville*, found that evidence of refusal was inadmissible because statutes in those states gave drivers an absolute right of refusal that would be rendered a nullity if evidence of refusal could be used against the drivers in court. *See*

*City of St. Joseph v. Johnson*, 539 S.W.2d 784 (Mo.App.1976); *State v. Jackson*, 637 P.2d 1 (Mont.1981), *vacated and remanded sub nom. Montana v. Jackson*, 460 U.S. 1030, 103 S.Ct. 1418, 75 L.Ed.2d 782 (1983).

lowed the minority rule and held that refusal to take the test was testimonial.

 The General Assembly has determined that evidence of refusal to submit to a blood or breath test is admissible at trial. Statutes are presumed constitutional, with the burden being on the party challenging the statute to establish its unconstitutionality beyond a reasonable doubt. *People v. West,* 724 P.2d 623, 626 (Colo.1986); *People v. Randall,* 711 P.2d 689 (Colo.1985). The defendants have not provided a persuasive reason for interpreting the Colorado constitutional privilege against self-incrimination in a manner that provides greater protection for the defendant than that available under the fifth amendment privilege.

## II.

 Both defendants contend that the admission into evidence of their refusal to submit to a blood or breath test violated their rights to due process under article II, section 25 of the Colorado constitution.[6] We addressed this contention in the context of a driver's license revocation proceeding in *Brewer v. Motor Vehicle Div. Dept. of Rev.,* 720 P.2d 564 (Colo.1986), and found the contention to be without merit. There the driver received no warning of any consequences resulting from refusal to take a blood or breath test, but we held that due process was satisfied by publication of section 42–4–1202(3)(e), 17 C.R.S. (1984), because a licensed driver "is presumed to know the law regarding his use of the public highways." *Id.* at 569; *see Vigil v. Motor Vehicle Division of Dept. of Revenue,* 184 Colo. 142, 145, 519 P.2d 332, 334 (1974).

Moreover, in *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), the United States Supreme Court held that admission into evidence of refusal to submit to a blood alcohol test without warning the driver that the refusal could be used against him at trial did not violate due process under the fifth amendment. In *Neville,* as in both cases before us, the defendant driver was warned that refusal

could result in revocation of his driver's license, but he was not warned that his refusal could be used against him at trial. The Court observed that when a driver was warned that refusal could result in revocation of his license, he could not assume that no other adverse consequences would occur and that he was put on notice that refusal to take the test was not a "safe harbor." *Id.* at 566, 103 S.Ct. at 924. The Court held that "such a failure to warn was not the sort of implicit promise to forego use of evidence that would unfairly trick [the defendant] if the evidence were later offered against him at trial." *Id.* The Court concluded that the use of evidence of refusal after a warning that the driver's license would be revoked comported with the fundamental fairness required by due process. *Id.* Failure to warn a driver that evidence of his refusal to take a blood or breath test may be used against him at trial coupled with the subsequent use of the evidence at trial does not violate due process under either the federal or state constitution.

## III.

Cox argues that his refusal to take the blood or breath test is inadmissible at trial as irrelevant or, if relevant, as unduly prejudicial. Quiming argues that the trial court erred in instructing the jury to consider his refusal to take the blood or breath test along with other evidence in determining his guilt or innocence. The arguments, although phrased differently, are essentially the same.

CRE 401 defines "relevant evidence" as:

evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

CRE 403 further provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, . . .

---

**6.** Article II, section 25 of the Colorado constitution provides, "No person shall be deprived of

life, liberty or property, without due process of law."

Most state courts admit evidence of refusal as relevant because the refusal is conduct that shows a consciousness of guilt in the same manner as destruction of evidence, flight, or threats against witnesses. *Hill v. State*, 366 So.2d 318 (Ala.1979); *People v. Sudduth*, 65 Cal.2d 543, 55 Cal.Rptr. 393, 421 P.2d 401 (1966), *cert. denied sub nom. Sudduth v. California*, 389 U.S. 850, 88 S.Ct. 43, 19 L.Ed.2d 119 (1967); *Allen v. State*, 254 Ga. 433, 330 S.E.2d 588 (1985); *State v. Bock*, 80 Idaho 296, 328 P.2d 1065 (1958); *People v. Miller*, 75 Ill.App.3d 775, 31 Ill.Dec. 581, 394 N.E.2d 783 (1979); *People v. Haitz*, 65 App.Div.2d 172, 411 N.Y. S.2d 57 (1978); *City of Westerville v. Cunningham*, 15 Ohio St.2d 121, 239 N.E.2d 40 (1968); *Commonwealth v. Robinson*, 229 Pa.Super. 131, 324 A.2d 441 (1974); *State v. Bolstad*, 124 Wis.2d 576, 370 N.W.2d 257 (1985). Cox points out, however, that a person charged with driving under the influence may decide not to submit to the test for reasons that have nothing to do with a consciousness of guilt. There is some support for his argument. *State v. Munroe*, 22 Conn.Supp. 321, 171 A.2d 419 (1961) (evidence of refusal is inadmissible as lacking probative value because mere refusal is equivalent to silence and cannot be used to imply an admission of guilt); *People v. Hayes*, 64 Mich.App. 203, 235 N.W.2d 182 (1975) (same).[7]

The decision by this court that comes closest to supporting Cox's argument is *People v. Quintana*, 665 P.2d 605 (Colo. 1983). There we held, as a matter of law, that evidence of the defendant's silence after arrest for burglary was improperly admitted to attack the defendant's defense of duress at trial. While the evidence was susceptible to interpretation as a silent admission of lack of duress, the fact that many possible motivations existed for the defendant's silence at the time of arrest rendered the evidence inadmissible as conjecture. *Id.* at 611. Because the record in *Quintana* was silent on when, if at all, the defendant received a *Miranda* advisement that anything he said could be used against him,[8] our opinion was based on relevancy grounds and limited to the circumstances of the case. The analysis, however, began with *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), in which the United States Supreme Court held that the fifth amendment due process clause forbids a prosecutor from using a defendant's silence after *Miranda* warnings to impeach his testimony at trial.[9] The court in *Doyle* determined that it was fundamentally unfair to implicitly assure a suspect that his silence would not be used against him and then use his silence to impeach an explanation subsequently offered at trial. 426 U.S. at 618, 96 S.Ct. at 2245. *Doyle* was distinguished in *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), where the United States Supreme Court held that it was not fundamentally unfair for South Dakota to use a defendant's refusal to take the blood test as evidence of guilt even though the defendant was not specifically warned that his refusal could be used against him at trial. The court noted that the right to silence underlying the *Miranda* warnings is of constitutional dimension and cannot be unduly burdened, while a defendant's right to refuse a blood test "is simply a matter of grace bestowed by the South Dakota legislature." 459 U.S. at 565, 103 S.Ct. at 923.

In contrast to *Doyle*, *Miranda* warnings are not involved in the present case. More-

---

7. Some state courts have determined that evidence of refusal to take a test is inadmissible because a state statute expressly excludes evidence of refusal. *See, e.g., Davis v. State*, 8 Md.App. 327, 259 A.2d 567 (1969); *Commonwealth v. Scott*, 359 Mass. 407, 269 N.E.2d 454 (1971).

8. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

9. After *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the United States

Supreme Court held in *Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982), that the admission into evidence of postarrest silence to impeach an accused's direct testimony is not constitutionally prohibited where *Miranda* warnings have not been given. *See People v. Quintana*, 665 P.2d 605, 609 (Colo.1983). The Court left to state courts, under state rules of evidence, resolution of the extent to which post-arrest silence could be used to impeach a defendant's testimony. *Fletcher*, 455 U.S. at 607, 102 S.Ct. at 1314.

over, in contrast to *Quintana,* this case involves a refusal, not silence. Silence in the ordinary sense means a forbearance from speech or standing mute on a particular matter, *see Webster's New International Dictionary* 2116–17 (1976), and for this reason often may be inherently ambiguous. Refusal means a rejection of something demanded or requested, *id.* at 1910, and generally will involve communication of an unwillingness to comply with a stated demand or request of another. A driver's refusal to submit to a blood or breath test, therefore, has less ambiguity than silence, at least with respect to the refusal itself.[10]

 As we held in *Brewer v. Motor Vehicle Div., Dept. of Rev.,* 720 P.2d 564 (Colo.1986), section 42–4–1202(3)(e), 17 C.R.S. (1984), gives all drivers notice that a refusal to take a blood or breath test will be admissible in evidence at a revocation of license proceeding or at a trial for driving under the influence or while ability impaired. The effect of section 42–4–1202(3)(e) is to allow admission of evidence of refusal in every case without a judicial determination of relevancy on a case-by-case basis.[11] The weight to be given the evidence of refusal is for the jury to determine. Because a defendant may have a reason for refusing to submit to a test that is unrelated to a consciousness of guilt, the inference of intoxication that is permissible from evidence of refusal is rebuttable. "[E]vidence that would tend to show that the refusal was for reasons unrelated to a consciousness of guilt or the fear that the test would reveal the intoxication" should be allowed to controvert "the inference to be drawn from an unexplained refusal to take the alcohol test." *State v. Bolstad,* 124 Wis.2d 576, 370 N.W.2d 257, 262 (1985).

 The trial court did not err in denying Cox's motion to exclude evidence that he refused to take a blood or breath test; the evidence was relevant and not unduly prejudicial. Similarly, the trial court did not err in denying Quiming's objection to the jury instruction that allowed his refusal to take the test to be considered along with other evidence in determining his guilt or innocence.

Judgments affirmed.

---

10. There is case law in Colorado supporting the relevance of evidence, other than silence, that is susceptible to more than one interpretation. In *Bush v. Jackson,* 191 Colo. 249, 552 P.2d 509 (1976), evidence of a transfer by the defendant of all his real property to his wife and his sister was admissible to show his consciousness of liability. This court held that evidence of conduct indicating a consciousness of guilt that is also susceptible to an innocuous interpretation is admissible as relevant, and the weight of the evidence is for the jury to determine. *Id.; ac-*cord *People v. Lowe,* 660 P.2d 1261, 1264–65 (Colo.1983) (threats against witness admissible to show consciousness of guilt).

11. In Alaska, the relevancy of evidence of refusal and its prejudicial potential are considered on a case-by-case basis. *Svedlund v. Anchorage,* 671 P.2d 378 (Alaska App.1983); *Williford v. State,* 653 P.2d 339 (Alaska App.1982), *rev'd on other grounds,* 674 P.2d 1329 (1983).