COMMONWEALTH OF THE NORTHERN )    TRAFFIC CASE NO. 88-2121TDD
MARIANA ISLANDS, )
                   )
        Plaintiff, )
                   )
   vs.               )            ORDER
                   )
GARY WILLIAM CHARITON, )
                   )
        Defendant. )
                   )

## MOTION TO DISMISS

Defendant has moved to dismiss the Government's case against him contending that the police lacked sufficient probable cause to stop the defendant's vehicle.

"Probable cause" exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a reasonable prudent person in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. Michigan v. De Fillipo, 99 S.Ct. 2627, 2632 (1979). Probable cause exists if a reasonably prudent person would have concluded that there was a fair probability that the suspect had committed a crime. United States v. Fixen, 780 F.2d 1434, 1436 (9th Cir. 1986).

512

Officer Sokau testified that he was travelling north on Beach Road when he observed defendant, who was proceeding south, travelling at a high rate of speed. Officer Sokau then executed a U-turn and proceeded to follow defendant's vehicle in order to ascertain the speed at which it was travelling. After determining that defendant was driving approximately 45 miles per hour in an area with a 25 mile per hour speed limit, Officer Sokau stopped defendant's vehicle for speeding.

On this record, it is clear that Officer Sokau had sufficient probable cause to believe that defendant had violated the law. Likewise, any reasonably prudent person in Officer Sokau's position would have concluded that there was a "fair probability" that defendant had committed a crime. Therefore, defendant's motion to dismiss must be DENIED.

## MOTION TO SUPPRESS

Alternatively, defendant maintains that evidence of his field sobriety tests must be suppressed since he was not given his _Miranda_ rights prior to his participation in these tests. In making this assertion defendant contends that the results of field sobriety tests constitute "communication" which must be suppressed in the absence of prior _Miranda_ warnings.

_Miranda v. Arizona_, 86 S.Ct. 1602 (1966), established procedural safeguards to protect the exercise of the Fifth Amendment privilege against self incrimination from the inherently coercive effects of custodial interrogation. The

513

Court's concern in _Miranda_ was that the coercive atmosphere created by police custody and interrogation would subjugate the individual to the will of his examiner and undermine the privilege against self-incrimination. Id at 1618-19.

Subsequent to its decision in _Miranda_ the Supreme Court has repeatedly held that evidence which is not "testimonial" or "communicative" is not protected by the Fifth Amendment and _Miranda_ warnings need not be given prior to the taking of such evidence. E.g., _Schmerber v. California_, 86 S.Ct. 1826 (1966) (blood sample admissible because it "was neither petitioner's testimony nor evidence relating to some communicative act or writing by the [defendant] ..."; _United States v. Dionisio_, 93 S.Ct. 764 (1973), (compelled voice exemplar not testimonial when used to measure physical properties of witness' voice); _United States v. Wade_, 87 S.Ct. 1926 (1967) (appearance in line up and compelled speaking of certain words not testimonial because there was no compulsion to disclose knowledge).

In the present case, defendant was given a field sobriety test after Officer Sokau smelled liquor on his breath. The purpose of the field sobriety test is to obtain evidence of the suspect's physical condition. However, the field sobriety test, conducted without prior _Miranda_ warnings, does not contravene the requirements of the Fifth Amendment because such a test does not require the subject to divulge any knowledge he might have. The fact that the subject's guilt may be inferred

514

from the results of the test goes to the probity of the testing method, not to its character as a supposed confession surrogate. People v. Ramirez, 609 P Ed 616, 621 (Colo. 1980). The privilege against self-incrimination does not extend to the results obtained from a roadside sobriety test, with the consequence that Miranda warnings need not precede a request for performance of such a test. McGuire v. People, 749 P 2d 960, 961 n. 1 (Colo. 1988). Thus, defendant's motion to suppress the results of his field sobriety tests must be DENIED.

Dated at Saipan, MP, this 7th day of October, 1988.

_____
Robert A. Hefner, Chief Judge