**UNITED STATES of America, Plaintiff,**

v.

**Choarron HOPP, Defendant.**

**No. 96–1532M.**

United States District Court,
D. Colorado.

Oct. 28, 1996.

Griffith Kundahl, Assistant Federal Public Defender, Denver, CO, for Hopp.

Stephen G. Salerno, Special Assistant U.S. Attorney, Office of the Staff Judge Advocate, Aurora, CO, for U.S.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER came before the Court for trial on October 11, 1996. Present were the following: Steven Salerno, Special Assistant United States Attorney; Griffith Kundahl, attorney for Defendant; and Defendant. The Court heard the testimony of Officers Tom Rogers and Michael Kehoe, as well as the argument of counsel. The Court then took the case under advisement.

### I.

The facts of what occurred in this case are not disputed. On April 28, 1996 shortly after Midnight, Department of Defense Police Officer Tom Rogers was operating a laser speed device at the United States Army Garrison Fitzsimons (Fitzsimons). He observed a vehicle travelling westbound at what appeared to be an excessive rate of speed. He clocked the vehicle and found that it was exceeding the posted speed limit.

Officer Rogers observed the vehicle as it stopped in front of what used to be the main hospital building. The vehicle then proceeded west. Officer Rogers activated his emergency equipment and the vehicle pulled into a parking lot. Officer Rogers then contacted Defendant Chaorron Hopp. Defendant produced a driver's license after some delay but was initially unable to find her proof of insurance card. Officer Rogers noticed an odor of alcohol. Officer Rogers went back to his car and then returned. Officer Rogers asked Defendant to step out of her car. Defendant did so.

Officer Rogers then asked Defendant to perform a series of roadside tests commonly used to determine if a driver is under the influence of alcohol. Defendant said that she did not want to perform such maneuvers. Officer Rogers told Defendant that she had to perform such tests under the Colorado Express Consent Law. Defendant then talked with a second policeman who had appeared on the scene, Officer Michael Kehoe. Defendant asked Officer Kehoe if she was required to do roadside tests, and Officer Kehoe indicated that she was so required. Officer Kehoe did not notice a smell of alcohol when Defendant was talking with him at that time.

As a result of the information from the officers, Defendant performed the series of roadside tests. According to Officer Rogers, Defendant did not perform well on the tests and appeared to be under the influence of alcohol. Officer Rogers then arrested Defendant and transported her to the Office of the Provost Marshal. Officer Rogers asked Defendant if she would take a chemical test, and Defendant refused. Defendant was cited for driving under the influence and released.

The prosecution ultimately decided to file an information charging driving while ability impaired under Colo.Rev.Stat. § 42–4–1301(1)(b). Defendant entered a plea of not guilty, and the matter was set for trial. At the conclusion of all evidence, the Court took the matter under advisement.

## II.

Defendant made a motion to suppress at the beginning of trial. This motion was premised upon Defendant's belief that she was improperly forced to submit to roadside sobriety tests and that the results of the tests should not be considered by the Court.[1]

The evidence is unrefuted that Defendant was asked to step from her car. Defendant complied with that request. Defendant then was requested to perform roadside sobriety tests. Defendant refused. Officer Rogers advised Defendant that she was required to perform such tests under Colorado's Express

Consent Law. Colo.Rev.Stat. § 42–4–1301(7). Defendant sought information from Officer Kehoe and was advised in the same fashion. Defendant then completed the roadside sobriety tests.

■ The prosecution in this case is pursuant to the Assimilative Crimes Act (ACA). 18 U.S.C. § 13. Even when a Colorado criminal statute is utilized under the ACA, this Court is not bound by decisions of the Colorado Supreme Court concerning that statute. Such decisions are informative and should be examined carefully. That is particularly true when few, if any, federal decisions may exist concerning traffic law enforcement.

The Colorado Supreme Court has been called upon to examine various issues concerning roadside sobriety tests. In *People v. Helm*, 633 P.2d 1071 (Colo.1981), the court held that Miranda warnings were not necessary before a police officer could request a motorist to take roadside sobriety tests. The court held further in that case that there was no evidence of coercion by the police officer.

In *People v. Carlson*, 677 P.2d 310 (Colo. 1984), the Colorado Supreme Court held that an officer could direct a driver to exit his vehicle. The observations made by a police officer of the driver's demeanor and walk to the rear of the vehicle did not constitute a search. The court held, in part, as to roadside sobriety tests as follows:

> Roadside sobriety testing constitutes a full "search" in the constitutional sense of that term and therefore must be supported by probable cause. The sole purpose of roadside sobriety testing is to acquire evidence of criminal conduct on the part of the suspect . . .
>
> To satisfy constitutional guarantees against unlawful searches and seizures, therefore, a roadside sobriety test can be administered only when there is probable cause to arrest the driver for driving under the influence of, or while his ability is impaired by, intoxicating liquor or other chemical substance, or when the driver

1. The Court has some question as to whether the motion should be considered as a motion for suppression or a motion in limine. In any event,

Defendant asked that the Court not consider the evidence presented as to roadside test results.

voluntarily consents to perform the test. The People do not contend, nor did the courts below find, that there was probable cause to arrest the defendant prior to the administration of the roadside testing. The only basis relied upon by the officer in administering the roadside tests was the defendant's alleged consent.

A voluntary consent to a search is a consent intelligently and freely given, without any duress, coercion or subtle promises or threats calculated to flaw the free and unconstrained nature of the decision (cit. omitted). Voluntariness is a question of fact to be determined from the totality of circumstances; and while the suspect's knowledge of a right to refuse testing is a factor to be taken into account, such knowledge is not a prerequisite to establishing the voluntary character of a consent search. (cit. omitted). In a consent search, the prosecution bears the burden of proving voluntariness by clear and convincing evidence. Appropriate factors to consider include age, education, and intelligence of the consenting person, the duration, location, and other circumstances of the search, the consenting person's state of mind, and any other factors that might have affected his free and unconstrained choice.

*Id.* at p. 317–18. The court held that the tests had been voluntarily completed by the defendant.

In *McGuire v. People,* 749 P.2d 960 (Colo. 1988), the Colorado Supreme Court was faced with the reverse issue of roadside tests. The defendant had refused to take any roadside sobriety tests. Evidence of the refusal was offered into evidence over the objection of the defendant. The court held that there was no constitutional right to be advised that a refusal to perform roadside sobriety tests could be offered into evidence at trial.

■ In the present case, there was insufficient evidence to establish probable cause to arrest the Defendant when she was stopped. Officer Rogers had observed Defendant driving in excess of the speed limit, but she had stopped at a stop sign and had exhibited no erratic driving. Officer Rogers smelled an odor of alcohol but could not determine initially if it was from Defendant. Though Defendant had some difficulty in finding her driver's license, she was able to hand it to the officer. There was a lack of probable cause that would have allowed the officer to require Defendant to perform any roadside maneuvers.

Defendant refused to perform the roadside sobriety tests. Officer Rogers, and then Officer Kehoe, advised Defendant that she had to do so under Colorado's Express Consent Law. It was Defendant who approached Officer Kehoe seeking to determine if Officer Rogers' statement was correct. It was only after Officer Kehoe advised her in the same fashion that Defendant performed the roadside tests.

■ The Colorado Express Consent Law does not apply to federal reservations. *United States v. Love,* 141 F.R.D. 315 (Colo.1992). In enacting 18 U.S.C. § 3118, Congress established an implied consent law applicable to all federal reservations. The ACA does not assimilate the Colorado Express Consent Law, as the law is part of state administrative proceedings. Further, the Congressionally-enacted implied consent law supersedes any state enactment on federal reservations such as Fitzsimons. Therefore, the advice given by both officers was incorrect and misleading.

■ Even if the Colorado Express Consent Law had been applicable, it had no application to roadside sobriety tests. *See* Colo.Rev.Stat. § 42–4–1301(7). The Law deals only with the express consent given by any driver on state roads to take a blood or breath test if a peace officer has probable cause to arrest for an alcohol driving offense. Colo.Rev.Stat. § 42–4–1301(7)(a)(II).[2] The State of Colorado will not take administrative action against a driver who refuses to perform a roadside sobriety test. That refusal may be offered into evidence, but cannot lead to the loss of driving privileges. Thus, the

---

**2.** A driver is presumed to have consented to take a blood, saliva, or urine test if there is probable cause to arrest the driver for driving under the influence of drugs.

advice of the officers was incorrect as to Colorado law.

■ The Colorado Supreme Court's reasoning in *People v. Carlson, supra,* is compelling. The question of the consent of a driver to perform roadside sobriety tests must be examined after consideration of all factors. The prosecution carries the burden of establishing that consent was voluntary and without coercion. *People v. Carlson,* 677 P.2d at 318.

■ In the present case, Defendant refused to take the tests. She performed the roadside sobriety tests only after she was advised by *both* police officers that she faced license repercussions under the Colorado Express Consent Law. There is no question that Defendant performed the roadside maneuvers only after being improperly and erroneously advised. Defendant was coerced, under threat of action against her license, to take the roadside sobriety tests. The Court will not consider any evidence relating to the roadside sobriety tests, as they were not voluntarily performed and no probable cause existed at that time to arrest Defendant for an alcohol driving offense.

### III.

In this case, the remaining evidence established that Defendant had driven at a speed that was greater than the allowable limit. She stopped at a stop sign and did not drive erratically when directed to pull over by the police officer. Defendant produced a driver's license and later an insurance card.

■ Officer Rogers testified that he could not tell initially from where the odor of alcohol was coming. Officer Kehoe noticed no odor of alcohol when initially contacted by Defendant. There was no evidence that Defendant had major difficulties in walking, talking, or following the directives of the officers. In fact, Defendant was clear headed enough to seek the advice of Officer Kehoe when she was concerned that Officer Rogers had given her incorrect advice relating to the roadside sobriety tests.

The evidence was insufficient to establish guilt beyond a reasonable doubt. Defendant had been drinking. The evidence did not establish that such consumption of alcohol impaired her ability to drive her motor vehicle on April 28, 1996. Colo.Rev.Stat. § 42–4–1301(1)(b).

IT IS HEREBY ORDERED that Defendant's motion to suppress is granted; and

IT IS FURTHER ORDERED that Defendant is found not guilty of the violation of Colo.Rev.Stat. § 42–4–1301(1)(b), as made applicable by 18 U.S.C. § 13 to the United States Army Garrison Fitzsimons.